IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-00723-MHT-PWG |
| | ) |
| MALLINCKRODT | ) |
| PHARMACEUTICALS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On August 25, 2015, Plaintiff Kimberly McCoy filed a civil action in the Circuit Court of Montgomery County, Alabama, against Mallinckrodt Pharmaceuticals, Inc., Mallinckrodt Enterprises, LLC ("Mallinckrodt"), Life Insurance Company of North America ("LINA"), Cigna Corporation ("Cigna"), and various fictitiously named defendants. Plaintiff's Complaint, as amended, brought claims for damages and benefits pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). On September 30, 2015, Mallinckrodt filed its notice of removal to this court. (Doc. 1). On October 19, 2015, Defendants LINA and Cigna joined in Mallinckrodt's notice of removal. (Doc. 23).

This case comes before the court on the following motions: 1) Defendant Cigna's Second Renewed Motion to Dismiss pursuant to Rule 12(b)(1), (2), and (6), based upon the lack of jurisdiction over any subject matter involving Cigna, lack of personal jurisdiction over Cigna, and failure to state a claim upon which relief can be granted. (Doc. 50); and 2) Defendant LINA's partial motion pursuant to Rule 12(b)(6) dismissing Plaintiff's claim for long-term disability benefits for failure to exhaust her administrative remedies. (Doc. 51).

For the reasons stated herein, it will be **RECOMMENDED** that Defendant Cigna's motion to dismiss be **GRANTED**, and that Defendant LINA's motion to dismiss for failure to exhaust administrative remedies be **DENIED**.

**I.     JURISDICTION**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On October 29, 2015, the above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 25); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990). Personal jurisdiction and venue are not contested by the parties, and the court

finds sufficient information of record to support both.

## II.   STANDARDS OF REVIEW

Defendants' motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

### 1.    12(b)(1) motion to dismiss standard of review.

The Rule 12(b)(1) standard of review was summarized in *Greenwell v. University of Alabama Bd. of Trustees*, No. 7:11–CV–2313–RDP, 2012 WL 3637768 (N. D. Ala. Aug. 22, 2012). The court explained:

> Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, *578* F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*
>
> On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:
>
>> [T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that

> the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981)). When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Jones v. State of Ga.*, 725 F .2d 622, 623 (11th Cir.1984).

*Greenwell* at *5. (alterations in original).

**2.     12(b)(2) motion to dismiss standard of review.**

The Rule 12(b)(2) standard of review was summarized in *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), in which the court stated:

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. Id. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Id.* Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id.*

*Madara*, 916 F.2d at 1514.

**3.     12(b)(6) motion to dismiss standard of review.**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## III.     BACKGROUND AND STATEMENT OF FACTS[1]

Plaintiff was employed by Mallinckrodt and was a participant in and beneficiary of a Short Term Disability ("STD)" Plan and a Long Term Disability ("LTD") Plan (collectively, "the Plan") which were maintained by Mallinckrodt, and administered by Mallinckrodt, Mallinckrodt Pharmaceuticals, Inc., Cigna, and LINA. (Doc. 47 at ¶¶ 5, 11).  Plaintiff was diagnosed with lupus and a number of other ailments in November 2013. (Doc. 47 at ¶ 17).  Plaintiff submitted a claim for STD benefits on August 14, 2014, and began receiving STD benefits on August 18, 2014. (Doc. 47 at ¶ 19).  On October 8, 2014, LINA and Cigna determined that Plaintiff no longer met the definition of disability pursuant to the terms of the Plan. (Doc. 47 at ¶ 21).  In November 2014, Cigna and LINA contacted Plaintiff and asked if she wanted to appeal the denial of her STD benefits. (Doc. 47 at ¶ 23).  On November 14, 2014, Plaintiff notified Cigna and LINA that she was appealing the denial of her STD benefits, and Na'imah Tate, an employee of Cigna and LINA, acknowledged receipt of that appeal. (Doc. 47 at ¶ 24).  In November 2015, Plaintiff requested LTD benefits, but Tate "stated that LINA *and Cigna* were not going to continue Plaintiff's short term benefits, and further stated that LINA and Cigna were not going to approve

---

[1]These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Second Amended Complaint.

Plaintiff's long term benefits." (Doc. 47 at ¶ 25)(emphasis added). "On or about February 24, 2015, Plaintiff notified LINA, Cigna, Mallinckrodt Enterprises, LLC, and Na'imah Tate, in writing, of her appeal [of] the denial of her short term and long term benefits." (Doc. 47 at ¶ 30). "LINA, Cigna, and Mallinckrodt Enterprises, LLC never responded to Plaintiff's letter of appeal, and constructively denied her claim for short and long term benefits." (Doc. 47 at ¶ 31).

## IV. DISCUSSION

### A. Cigna's Motion

Cigna moves to dismiss Plaintiff's claim against it based on lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. (Doc. 50 at p.1). The court begins with Cigna's motion to dismiss for lack of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding district court has discretion to consider matters of personal jurisdiction before subject-matter jurisdiction).

> The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted).
>
> Where, as here, the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory

assertions that the defendant is not subject to jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

The Eleventh Circuit has further stated:

> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Alexander Proudfoot Co.*, 877 F.2d at 919. First, we consider the jurisdictional question under the state long-arm statute. *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)); *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919. Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.

*Madara*, 916 F.2d at 1514.

> In interpreting the reach of the state's long-arm statute, the Supreme Court of Alabama has extended the jurisdiction of Alabama courts to the extent permissible under the due process clause of the Fourteenth Amendment. *See Alabama Waterproofing Co., Inc. v. Hanby*, 431 So. 2d 141, 145 (Ala. 1983); *Sells v. International Harvester Co., Inc.*, 513 F.2d 762 (5th Cir. 1975). Thus, in order to determine whether the district court in Alabama properly refused to exercise personal jurisdiction, we need only consider whether the exercise of jurisdiction would have satisfied the requirements of due process.

*Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992).  Due process

9

requires, first, that the defendant have "certain minimum contacts' with the forum state and, second, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 618 (1990).

Cigna argues that the court lacks personal jurisdiction over it:

> Cigna Corporation did not administer any claim nor did it issue any policy at issue in this case... Moreover, Cigna Corporation was not in any way involved in the adjudication of Plaintiff's claim. ... Further, Cigna Corporation does not do business in the State of Alabama and, therefore, is not subject to jurisdiction in Alabama. ...
>
> Cigna Corporation is a holding company; is it not an insurance company and does not offer insurance products or insurance services to the public. ...
>
> Moreover, personal jurisdiction cannot be established over Cigna Corporation on the basis of agency. LINA, the properly named insurer-defendant, was an indirect subsidiary of parent company Cigna Corporation, a holding company, during the time at issue in this case.

(Doc. 50 at ¶¶ 2-4). Cigna suggests that "Plaintiff is confused about LINA's use of the 'Cigna Group Insurance' service mark on correspondence," and states that Cigna Group Insurance is not Cigna Corporation or a legal entity. (Doc. 47 at ¶ 1, n. 1).

Cigna attached the affidavit of Franklin C. Barlow, an Accounting Director for Cigna, to its motion. (Doc. 50-3). *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)("[A] judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue, and ineffective service of

process."). Barlow states that Cigna is a holding company, that it does not offer insurance products to the public, it does not do business in the State of Alabama, has no office in Alabama, does not pay income tax in Alabama, has no employees in Alabama, and does not conduct business through any of its subsidiaries in Alabama. (Doc. 50-3 at ¶¶ 2-6). Barlow further states that "[t]he term 'Cigna Group Insurance' does not refer to any legal entity in general, or Cigna Corporation specifically. This term is a registered service mark of Cigna Intellectual Property, Inc., licensed for use by subsidiaries of Cigna Corporation." (Doc. 50-3 at ¶ 4).

"Plaintiff's counter-argument is one of apparent authority and her contention that Cigna, by the actions of Na'imah Tate, did have sufficient contacts with this forum for jurisdiction to extend to Cigna." (Doc. 64 at p.1). Plaintiff relies in part, on telephone conversations during which Tate identified herself as working for "Cigna," which "convinced" Plaintiff that Tate was an employee of Cigna Corporation. (Doc. 41-1 at ¶ 13). However, "ERISA preempts and does not recognize claims based on oral representations that contradict unambiguous written plan terms. *See, e.g., Alday v. Container Corp. of Am.*, 906 F.2d 660, 665-66 (11th Cir.1990). Accordingly, the need to scrutinize plan documents in their entirety is crucial..." *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1338 (11th Cir. 2000). In this case, Plaintiff attached the affidavit of Timothy C. Mooney, Jr., Associate General Counsel

for Mallinckrodt, who stated:

> "The employee benefit programs that covered and applied to [Plaintiff] included: (a) a plan of Short Term Disability Benefits funded by Mallinckrodt Enterprises and administered by the Life Insurance Company of North America; and (b) a program of Long Term Disability Benefits offered by Mallinckrodt Enterprises and also administered by Life Insurance Company of North America."

(Doc. 1-1 at ¶ 6). Mooney's affidavit is supported by two attached exhibits:

> Exhibit 1: Group Policy of Long Term Disability insurance underwritten by the Life Insurance Company of North America which insures the benefits provided by the Mallinckrodt Enterprises, LLC Long Term Disability Plan; and
>
> Exhibit 2: Program of Short Term Disability Benefits, i.e. the Mallinckrodt Enterprises, LLC Short Term Disability Plan, sponsored by Mallinckrodt and administered by Life Insurance Company of North America.

(Doc. 1-1 at ¶ 6). Both Exhibit 1 and Exhibit 2 are issued by "Life Insurance Company of North America." (Doc. 1-1 at pp.7 and 35). At the bottom of each page of Exhibit 2, the STD plant, appears the following: "Life Insurance Company of North America, a CIGNA company." (Doc. 1-1 at ¶¶ 35-50). In LINA's Answer to Plaintiff's Second Amended Complaint, "LINA states that it alone served as Claims Administrator with respect to Plaintiff's claim for STD benefits under the Plan." (Doc. 52 at ¶ 10).

Plaintiff also relies on letters and email messages that she received from Tate which "convinced" her that Tate was an employee of Cigna. (Doc. 41-1 at ¶ 13).

Specifically, Plaintiff argues that in "numerous emails," Tate's "closing" indicated that she was writing on behalf of "CIGNA DMS-CS Dallas Office-629E," and in mailed correspondence, Tate indicated that she worked for "CIGNA Insurance Group." (Doc. 41-1 at ¶¶ 7-8). However, in reply, Cigna presented an exhibit with two of the mailed letters mentioned by Plaintiff with Tate's signature. (Doc. 68-1). In each of those letters at the bottom of the first page, the following was printed:

> CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company. Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation.

(Doc. 68-1 at 2, 4). Plaintiff appears to concede that Cigna is a non-resident entity but argues that Cigna is subject to personal jurisdiction in Alabama based on Plaintiff's communication with Tate, who "consistently represented to Plaintiff both orally and in writing that she was working for Cigna." (Doc. 64 at p.5).

Under Alabama law,

> The doctrine of apparent authority is based upon the actions of the principal, not those of the agent; it is based upon the principal's holding the agent out to a third party as having the authority upon which he acts, not upon what one thinks an agent's authority might be or what the agent holds out his authority to be. *See Automotive Acceptance Corp. v. Powell*, 45 Ala. App. 596, 234 So. 2d 593 (Ala. Civ. App. 1970), quoted with approval in *Massey-Ferguson, Inc. v. Laird*, 432 So. 2d 1259 (Ala. 1983).

13

*Malmberg v. Am. Honda Motor Co.*, 644 So. 2d 888, 891 (Ala. 1994). In this case, Cigna has come forward with affidavits and documentary evidence that Cigna is merely a holding company that does not do any business in Alabama and that Cigna did not provide a policy or administer any policy at issue to Plaintiff, thus shifting the burden back to Plaintiff. *See Meier*, 288 F.3d at 1269 ("Where, as here, the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction ..."). In response, Plaintiff has presented no evidence of actions taken by Cigna, as the principal, indicating that it "held out" LINA or its service mark "Cigna Group Insurance" as having any authority to act on behalf of Cigna, in general or specifically via Tate in relation to Plaintiff. All the evidence presented by Plaintiff in support of her argument that she reasonably believed that she was dealing with Cigna involves actions taken by the purported agent, LINA and "Cigna Group Insurance," rather than any action taken by Cigna. Moreover, under Alabama law,

> Doing business through a wholly owned subsidiary does not, in and of itself, constitute doing business by the parent corporation. *Cf. Ex parte Baker*, 432 So. 2d 1281 (Ala. 1983)(comparing activities in Alabama of parent and subsidiary corporations for purposes of determining venue); *see also Thompson v. Taracorp, Inc.*, 684 So. 2d 152, 158 (Ala. Civ. App. 1996) (concluding that trial court was correct in finding that acts of subsidiary corporation in Alabama were insufficient to impose personal jurisdiction over parent corporation).

*Ex parte Unitrin, Inc.*, 920 So. 2d 557, 561 (Ala. 2005). Under current Alabama law

14

as recently construed by the courts of this Circuit, Plaintiff has not demonstrated that Cigna took any action that would give rise to apparent authority or presented sufficient evidence to demonstrate the minimum contacts required for personal jurisdiction, or that Cigna is otherwise subject to personal jurisdiction in Alabama because of the actions of any of its subsidiaries in Alabama related to the administration of Plaintiff's claims under the Plan.[2] *See Spivey v. Cigna Corp.*, No. 2:13CV461-WHA, 2013 WL 4874139, at *3 (M.D. Ala. Sept. 12, 2013)("With respect to Cigna Corporation, the affidavit of Franklin C. Barlow states that Cigna Corporation is a holding company, that it does not offer insurance products to the public, it does not do business in the State of Alabama, has no office in Alabama, does not pay income tax in Alabama, has no employees in Alabama, and does not conduct business through any of its subsidiaries in Alabama."); and *Melech v. Life Ins. Co. of N. Am.*, No. 10-0573-KD-M, 2011 WL 1047716, at *1 (S.D. Ala. Mar. 1, 2011) report and recommendation adopted, No. 10-00573-KD-M, 2011 WL 995821 (S.D. Ala. Mar. 18, 2011)("merely because CIGNA Corporation and CIGNA

---

[2]Although Plaintiff argues that "Cigna acquiesces in Na'iamah Tate's representation that she is an agent and/or employee of Cigna" due to the fact that Cigna licenses the use of its name on its subsidiary LINA's letterhead as a "service mark," the parties have not directed this court to any controlling authority indicating that a parent company that licenses its name for use as a service mark by a subsidiary thereby acquiesces to apparent authority giving rise to personal jurisdiction under Alabama law, and this is not the position taken by other decisions from the Eleventh Circuit under similar facts.

Holdings Inc. are holding companies of LINA, this relationship is not enough to establish that the CIGNA Defendants were involved in the denial of Plaintiff's claims, in the appeal or review of the appeal."). Accordingly, Cigna's motion to dismiss the claim against it for lack of personal jurisdiction is due to be granted. Because the Magistrate Judge recommends dismissing Plaintiff's claim against Cigna for lack of personal jurisdiction, discussion of Cigna's arguments pursuant to Rule 12(b)(1) & (6) is pretermitted.

### B. LINA's Motion

LINA moves to dismiss Plaintiff's claim to the extent that she is seeking compensation for LTD benefits under the Plan because, LINA alleges, Plaintiff has not exhausted her administrative remedies. (Doc. 51 at p. 5).

> Our law is well-settled that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts*, 111 F.3d at 108; *see also Springer v. Wal–Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1225–27 (11th Cir. 1985). However, a district court has the sound discretion "to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate," *Counts*, 111 F.3d at 108, or where a claimant is denied "meaningful access" to the administrative review scheme in place, *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846–47 (11th Cir. 1990).
>
> The decision of a district court to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is a highly discretionary decision which we review only for a clear abuse of discretion. *See Springer*, 908 F.2d at 899; *Curry*, 891 F.2d at 846.

*Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000).

In her Second Amended Complaint, Plaintiff alleged that on October 8, 2014, LINA notified her that it "was unable to approve her claim for benefits because LINA and Cigna had determined that she no longer met the definition of disability set forth in the Plan." (Doc. 47 at ¶ 21). Plaintiff alleged that on November 14, 2014, she "notified Cigna and LINA that she was appealing her denial of short term disability benefits, and Na'imah Tate ... acknowledged receipt of that appeal." (Doc. 47 at ¶ 24). Plaintiff alleged that she "requested long term disability benefits" and that "Tate stated that LINA and Cigna were not going to continue Plaintiff's short term disability benefits, and further stated that LINA and Cigna were not going to approve Plaintiff's long term benefits." (Doc. 47 at ¶ 25). Plaintiff further alleged that on February 24, 2015, she "notified LINA, Cigna, Mallinckrodt Enterprises, LLC, and Na'imah Tate, in writing, of her appeal [of] the denial of her short term disability and long term disability benefits." (Doc. 47 at ¶ 30). These factual allegations notwithstanding, LINA argues that "there are no allegations included [in the pleadings] to substantiate" Plaintiff's assertion that she exhausted her administrative remedies or appealed the alleged denial of her LTD benefits.

Construing Plaintiff's factual allegations as true (i.e., that she applied for LTD benefits, that LINA denied those benefits (Doc. 47 at ¶ 25), and that she appealed that

17

decision (Doc. 47 at ¶ 30)), the complaint states a plausible claim for relief and allows a reasonable expectation that discovery will reveal evidence of the claim. *See Twombly*, 550 U.S. at 556. Although the Second Amended Complaint provides, as LINA describes it, "an undeveloped evidentiary record," (Doc. 51 at p.9), a plaintiff need not set out "detailed factual allegations," to survive a motion to dismiss, but must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Twombly.* at 555. Plaintiff has provided sufficient factual allegations to state a plausible claim for relief, and LINA's motion to dismiss is due to be denied.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' motions to dismiss (Docs. 50, 51) are due to be **GRANTED IN PART** and **DENIED IN PART**. Defendant Cigna's motion to dismiss (Doc. 50) is due to be **GRANTED** as to Plaintiff's claim against Cigna for lack of personal jurisdiction. Defendant LINA's motion to dismiss (Doc. 51) is due to be **DENIED** as to Defendant's argument that Plaintiff has failed to exhaust her administrative remedies. Plaintiff has pleaded a plausible claim that she applied for LTD benefits, that LINA denied her claim for those benefits, and that Plaintiff appealed that denial.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 6, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 23rd day of March, 2016.

                                        /s/ Paul W. Greene
                                        United States Magistrate Judge